UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>LINN STAR TRANSFER, INC., et al.<br><br>    Defendants. | Case No. 19-cv-07009-JSC<br>Case No. 19-cv-07013-JSC<br>Case No. 19-cv-07017-JSC<br><br>**ORDER RE: INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS; PLAINTIFFS' MOTIONS FOR SANCTIONS** |
| GIOVANNI GRANIZO, MANASES GUTIERREZ, and MAURICIO VILLAFRANCO,<br><br>    Plaintiffs,<br><br>    v.<br><br>LINN STAR TRANSFER, INC., et al.<br><br>    Defendants. | |
| SAMUEL GUTIERREZ, JOSE MELENDEZ, JOSE ALVAREZ REYNOSO, JUAN CARLOS RODRIGUEZ, and REMBER TORRES,<br><br>    Plaintiffs,<br><br>    v.<br><br>LINN STAR TRANSFER, INC., et al.<br><br>    Defendants. | |

The Plaintiffs[1] in the above-captioned cases bring federal and state wage-and-hour claims against their current or former employer Linn Star Transfer, Inc. and Linn Star Logistics, LLC (together, "Linn Star"), and individuals Kevin Abbey, Mark Dahlin, David Dunek, and Dennis Munson (collectively, "Individual Defendants"). (Dkt. Nos. 7 (19-cv-07009; 19-cv-07013; 19-cv-07017).)[2] Now before the Court are the Individual Defendants' motions to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] (Dkt. Nos. 17 (19-cv-07009); 15 (19-cv-07013); 16 (19-cv-07017).) Also before the Court are Plaintiffs' motions for sanctions. (Dkt. Nos. 33 (19-cv-07009); 34 (19-cv-07013); 31 (19-cv-07017).) After careful consideration of the parties' briefing the Court concludes that oral argument is unnecessary, *see* Civil Local Rule 7-1(b), and GRANTS the Individual Defendants' motions to dismiss and DENIES Plaintiffs' motions for sanctions.

## BACKGROUND

### I. The Parties

#### A. Defendants

Linn Star Transfer is a corporation with its principal place of business in Iowa. (Dkt. No. 7 at ¶ 3 (19-cv-07009).) Linn Star Logistics "is a limited liability company whose sole member is a citizen of Iowa." (*Id.* at ¶ 4.) Linn Star Transfer and Linn Star Logistics (together, "Linn Star") "are licensed freight-forwarders that provide home delivery and installation services to large retailers." (*Id.* at ¶ 11.) After "[c]ustomers purchase large appliances from the retailers," Linn Star "deliver[s] and install[s] them." (*Id.*) Linn Star provides its services "in at least 10 states, including California." (*Id.* at ¶ 13.) It maintains a "branch office and warehouse" in Benicia, California. (*Id.*)

Dennis Munson "is the founder, owner and CEO" of Linn Star. (*Id.* at ¶ 5.) Mark Dahlin

---

[1] The complaint in each action sets forth identical substantive allegations for the claims at issue in the instant motions to dismiss. Further, all Plaintiffs are represented by the same counsel. Thus, for purposes of this Order, the Court refers to all plaintiffs collectively as "Plaintiffs."
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 15, 36, 37 (19-cv-07009); 6, 14, 37, 38 (19-cv-07013); 6, 25, 34, 35 (19-cv-07017).)

1 and David Dunek "are officers and/or directors" of Linn Star Transfer. (*Id.*) Kevin Abbey is the warehouse manager for Linn Star's Benicia, California facility. (*Id.* at ¶ 6.)

### B. Plaintiffs

David Rios is a resident of California and former delivery driver for Linn Star. (*Id.* at ¶¶ 2, 14.) He "worked for Defendants from approximately 2009 to June 2019." (*Id.* at ¶ 14.) Giovanni Granizo, Manases Gutierrez, and Mauricio Villafranco are California residents and current delivery drivers for Linn Star.[4] (Dkt. No. 7 at ¶¶ 2, 14 (19-cv-07013).) Samuel Gutierrez, Jose Melendez, Jose Alvarez Reynoso, Juan Carlos Rodriguez, and Rember Torres are California residents. (Dkt. No. 7 at ¶ 2 (19-cv-07017 ("Melendez action")).) Mr. Gutierrez, Mr. Melendez, and Mr. Rodriguez are current Linn Star delivery drivers. (*Id.* at ¶ 14.) Mr. Reynoso was a Linn Star delivery driver from 2011 to July 2016; Mr. Torres drove for the company from November 2016 to May 2017. (*Id.*)

## II. Complaint Allegations

The gravamen of the complaints is that Linn Star misclassified Plaintiffs—who are all current or former delivery drivers based out of Linn Star's Benicia, California branch office—as independent contractors instead of employees, and in doing so committed multiple violations under the California Labor Code ("Labor Code"), the Fair Labor Standards Act ("FLSA"), 28 U.S.C. §§ 201, *et seq.*, and the California Business & Professions Code § 17200 ("UCL"). (*See* Dkt. Nos. 7 (19-cv-07009; 19-cv-07013; 19-cv-07017).) The Individual Defendants "are owners, directors, officers and/or managing agents of [Linn Star] who violated, and/or caused to be violated, the various California wage-hour laws at issue." (*Id.* at ¶ 12.)

## III. Procedural History

Plaintiffs filed their original complaints on October 25, 2019, asserting wage-and-hour claims under California law against Linn Star Transfer. (Dkt. Nos. 1 (19-cv-07009; 19-cv-07013; 19-cv-07017).) Plaintiffs filed amended complaints on December 22, 2019, adding Linn Star

---

[4] Plaintiffs' sur-reply asserts that "[s]ome Plaintiffs have ceased working for Linn Star since their amended complaint was filed." (Dkt. No. 30-2, Ex. 2 at 4 n.2 (19-cv-07013).) Plaintiffs do not identify the individual plaintiffs to whom they are referring.

3

Logistics and the Individual Defendants as defendants. (Dkt. Nos. 7 (19-cv-07009; 19-cv-07013; 19-cv-07017).) The amended complaints also added two claims under the FLSA. (*Id.*) All complaints assert the following claims: (1) unpaid wages in violation of Labor Code § 201 and Labor Code § 204 (19-cv-07013; 19-cv-07017); (2) unpaid minimum wages in violation of the FLSA; (3) unpaid minimum wages in violation of Labor Code §§ 1194, 1194.2, 1197; (4) unpaid overtime wages in violation of the FLSA; (5) unpaid overtime wages in violation of Labor Code § 510; (6) meal period violations under Industrial Welfare Commission ("IWC") Wage Order No. 4 and Labor Code §§ 226.7, 512; (7) itemized wage statement violations under Labor Code § 226; (8) unfair competition in violation of the UCL; (9) failure to reimburse business expenses in violation of Labor Code § 2802. (*Id.*) Mr. Rios's complaint also brings claims for retaliation under Labor Code § 98.6, and wrongful termination in violation of California public policy. (Dkt. No. 7 (19-cv-07009).) Both Mr. Rios's complaint and the complaint in the Menendez action assert "waiting time" claims under Labor Code § 203. (*Id.* (19-cv-07009; 19-cv-07017).)

The Individual Defendants filed the instant motions to dismiss on February 18, 2020. The motions are fully briefed. (*See* Dkt. Nos. 25 & 30 (19-cv-07009); 23 & 28 (19-cv-07013); 23 & 29 (19-cv-07017).) In response to the Individual Defendants' replies, Plaintiffs filed an administrative motion to file a sur-reply pursuant to Civil Local Rule 7-11 on March 13, 2020. (*See* Dkt. No. 29.) The Court granted the sur-reply on March 17, 2020, (Dkt. No. 31), based on Plaintiffs' counsel's declaration that Defendants' counsel stipulated to the motion, (Dkt. No. 30 at ¶ 2; *see also* Dkt. No. 30-1, Ex. 1).[5]

**DISCUSSION**

**I. Motions to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[5] Despite the stipulation, the Individual Defendants filed an objection later that day asserting that Plaintiffs "mischaracterize[d] the Individual Defendants' voluntary stipulation to allow Plaintiffs' to seek leave of Court to file a Sur-Reply." (*See* Dkt. No. 32 at 2 (19-cv-07013) (arguing that Plaintiffs "improperly conflated the arguments in their request to file a sur-reply with the arguments in the sur-reply itself. This violates the Local Rules and was entirely unnecessary as the parties stipulated to Plaintiffs' request.").)

4

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Thus, a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient, as is a complaint that "tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks and citation omitted).

Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering Rule 12(b)(6) motions, courts "must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (internal quotation marks and citation omitted). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The Individual Defendants move to dismiss the following claims in all complaints pursuant to Rule 12(b)(6): (1) unpaid wages in violation of California Labor Code § 201 (19-cv-07009) and Labor Code §§ 201, 204 (19-cv-07013; 19-cv-07017); (2) meal period violations under IWC Wage Order No. 4 and Labor Code §§ 226.7, 512; and (3) failure to reimburse business expenses in violation of Labor Code § 2802. The Individual Defendants also move to dismiss the waiting time claims under Labor Code § 203 asserted by Mr. Rios and Plaintiffs in the Menendez action. The Court addresses the claims in turn and concludes that dismissal is warranted.

### A. Unpaid Wage Claims

Labor Code § 201 "secures an employee's right to the full and prompt payment of final wages" upon discharge. *Voris v. Lampert*, 7 Cal. 5th 1141, 1157 (2019). Under Labor Code § 204, "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 204(a). The complaints' first cause of action brings claims against Linn Star and the Individual Defendants for unpaid wages under Labor Code § 201 (all complaints), and § 204 (19-cv-07013; 19-cv-07017).

There is no dispute that those statutes, by their express terms, impose liability only on "employers" and not on individuals acting on behalf of an employer. *See* Cal. Lab. Code § 201(a) ("If an *employer* discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.") (emphasis added); *see also See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889, 904-05 (2012) ( "[T]he sole purpose of [section 204] is to require an *employer* of labor who comes within its terms to maintain two regular pay days each month, within the dates required in that section.") (emphasis added) (internal quotation marks and citation omitted). There is also no dispute that Linn Star is the only alleged "employer" and that the Individual Defendants are not employers under the meaning of the Labor Code.

The Individual Defendants' motions assert that dismissal with prejudice is warranted because sections 201 and 204 impose liability only on employers and not, as alleged in the complaints, on individuals who "are owners, directors, officers and/or managing agents" of the employer. (*See* Dkt. Nos. 17 at 12 (19-cv-07009); 15 at 12 (19-cv-07013); 16 at 12 (19-cv-07017).) The motions further argue that Plaintiffs' claims fail because the complaints do not "attempt[ ] to incorporate" Labor Code § 558, which provides, in pertinent part: "Any employer or other person acting on behalf of an employer who violates or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the [IWC] shall be subject to . . . civil penal[ties]." (*See id.* at 14 (quoting Cal. Lab. Code § 558(a)).)

Plaintiffs' counter that the Individual Defendants' motions are "meritless" because the complaints include allegations invoking Labor Code § 558.1, which provides, in pertinent part:

> Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the [IWC], or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(*See* Dkt. Nos. 25 at 2 (19-cv-07009); 23 at 2 (19-cv-07013; 19-cv-07017) (quoting Cal. Lab. Code § 558.1(a)).) Further:

> For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

6

(*Id.* (quoting Cal. Lab. Code § 558.1(b)).)

The Court agrees that the allegations, construed in the light most favorable to Plaintiffs, incorporate Section 558.1; specifically, the first cause of action in all complaints alleges that "Defendants Munson, Dunek, Dahlin, and Abbey are owners, directors, officers, and/or managing agents of [Linn Star] who violated, and/or caused to be violated the various California wage-hour laws at issue in this case, including, but not limited to, those related to minimum wages." (Dkt. Nos. 7 at ¶ 39 (19-cv-07009); ¶ 35 (19-cv-07013); ¶ 35 (19-cv-07017).) That allegation tracks the language of Section 558.1. However, incorporation of Section 558.1 does not save Plaintiffs' unpaid wages claims against the Individual Defendants.

By its plain terms Section 558.1 does *not* incorporate Sections 201 or 204, and instead covers only "Sections 203, 226, 226.7, 1193.6, 1194, or 2802." *See* Cal. Lab. Code § 558.1(a). As for Section 201, Plaintiffs' sur-reply argues that "if individuals are expressly liable [under Section 558.1(a)] for violations of § 203, and in order to trigger a § 203 violation one must also violate § 201 first, then individuals necessarily must also be liable for violations of § 201 as well." (Dkt. No. 30-2, Ex. 2 at 5 (19-cv-07013).) Plaintiffs cite no authority for that circular argument; indeed, there is none.

Such an expansive reading of Section 558.1(a) conflicts with the plain terms of the statute and is contrary to doctrines of statutory interpretation. *See* Cal. Lab. Code § 558.1(a) (listing only "Sections 203, 226, 226.7, 1193.6, 1194, or 2802"); *see also Gikas v. Zolin*, 6 Cal. 4th 841, 852 (1993) ("The expression of some things in a statute necessarily means the exclusion of other things not expressed."). And although Section 203 provides "waiting time" penalties for failure to timely pay wages under Section 201, liability under Section 203 is for *willful* violations of Section 201. *See* Cal. Lab. Code § 203 (providing for penalties "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits"). Thus, the Labor Code differentiates between an employer's obligation to make timely payments pursuant to Section 201, and an employer's willful failure to comply with that obligation. It makes sense that the California Legislature extended liability for the latter to individuals "acting on behalf of an

7

employer" pursuant to Section 558.1 because "[t]he settled meaning of 'willful,' as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done." *See Amaral v. Cintas Corp. No. 2*, 3 Cal. App. 4th 1157, 1201 (2008) (emphasis added) (internal quotation marks and citation omitted). In other words, a violation of Section 203 requires an *intentional* act that can be committed by individuals acting on behalf of employers, whereas a violation of Section 201 entails a failure to comply with a statutory obligation that applies only to employers—not individuals.

Because Section 201 does not impose liability on individuals as a matter of law, Plaintiffs' first cause of action fails. *See Cordell v. PICC Lines Plus LLC*, No. 16-cv-01814-TEH, 2016 WL 4702654, at *8 (N.D. Cal. Sept. 8, 2016) (dismissing with prejudice Labor Code § 201 claim against individual defendant because Section 201 imposes liability on employers and not on "persons acting on behalf of the employer").

As for Section 204, Plaintiffs' sur-reply asserts that "regardless whether Section 204 allows a private right of action [against individuals], Plaintiffs may still proceed with their claim so long as their allegations entitle them to relief under any theory." (Dkt. No. 30-2, Ex. 2 at 5 (19-cv-07013) (citing *Bartholet v. Reishasuer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under *any set of facts* that could be established consistent with the allegations.") (emphasis added). Plaintiffs are wrong. The Supreme Court in *Twombly* expressly rejected the "any set of facts" pleading standard. *See Twombly*, 550 U.S. at 563 ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: *once a claim has been stated adequately*, it may be supported by showing any set of facts consistent with the allegations in the complaint.") (emphasis added). Thus, the phrase "any set of facts" describes "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* Here, Plaintiffs fail to plead a plausible claim for relief against the Individual Defendants under Section 204 because that section applies only to employers, not individuals acting on behalf of employers.

Accordingly, the Court grants the Individual Defendants' motions to dismiss the Labor

8

1 Code §§ 201, 204 claims with prejudice because those statutes do not impose liability on
2 individuals. Plaintiffs may proceed with those claims against Linn Star.

### B. Meal Period, Failure to Reimburse Expenses, and Waiting Time Claims

The complaints bring claims against Linn Star and the Individual Defendants for failure to provide meal breaks in violation of Labor Code §§ 226.7, 512 and failure to reimburse business expenses in violation of Labor Code § 2802. Mr. Rios and Plaintiffs in the Melendez action also bring "waiting time" claims under Labor Code § 203. For each cause of action Plaintiffs allege that:

> Defendants Munson, Dunek, Dahlin and Abbey are owners, directors, officers and/or managing agents of [Linn Star] who violated, and/or caused to be violated, the various California wage-hour laws at issue in this case, including, but not limited to, those regarding [meal breaks, reimbursement of business expenses, and prompt payment of wages].

(Dkt. Nos. 7 at ¶¶ 71, 80, 92 (19-cv-07009); ¶¶ 67, 82 (19-cv-07013); ¶¶ 67, 76, 87 (19-07017).)

Thus, the complaints invoke Labor Code § 558.1, which, as previously discussed, extends liability to an "owner, director, officer, or managing agent of the employer" who "violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802" of the Labor Code. *See* Cal. Lab. Code § 558.1(a),(b). The Individual Defendants reply briefing recognizes that Section 558.1 covers the Labor Code violations alleged, but argues that dismissal is warranted because Plaintiffs fail to plead sufficient facts to state a plausible claim for relief against the Individual Defendants.[6] The Court agrees.

District courts in this Circuit have dismissed claims premised on liability under Section 558.1 where plaintiffs failed to "allege specific facts to establish that [the individual Defendant] was personally involved in the alleged violations." *See, e.g.*, *Carter v. Rasier-CA*, LLC, No. 17-cv-00003-HSG, 2017 WL 4098858, at *5 (N.D. Cal. Sept. 15, 2017) (alteration in original); *Roush*

---

[6] Generally, courts "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Here, however, the arguments set forth in the Individual Defendants' replies directly respond to Plaintiffs' opposition briefing, which asserts that Section 558.1 applies to their claims. Further, the Court granted Plaintiffs' request to file a sur-reply to address the arguments set forth in the Individual Defendants' replies. Thus, there is no prejudice to Plaintiffs in considering those arguments.

9

*v. MSI Inventory Serv. Corp.*, No. 2:17-cv-1010-JAM-KJN, 2018 WL 3637066, at *2-3 (E.D. Cal. July 30, 2018); *see also Plaskin v. NewSight Reality, Inc.*, No. 2:19-cv-00458-RGK-SS, 2019 WL 4316255, at *4 (C.D. Cal. Apr. 30, 2019) (finding that "the plain language of Section 558.1 suggests substitutive liability for a person acting on behalf of an employer," and dismissing Labor Code claims against individual defendant because "allegations pertain[ed] only to [his] role as a corporate officer," and included no "allegation of individual wrongdoing").

Here, the allegations against the Individual Defendants do not set forth facts giving rise to a plausible inference that they are *personally* liable pursuant to Section 558.1 for the Labor Code violations alleged. Instead, the allegations are conclusory and rely solely on the Individual Defendants' respective positions "as owners, directors, officers and/or managing agents of [Linn Star] who violated, and/or caused to be violated, the various California wage-hour laws at issue in this case." That is not sufficient to survive dismissal. *See Iqbal*, 556 U.S. at 678 (noting that dismissal is warranted where a complaint offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action," or "tenders naked assertion[s] devoid of further factual enhancement") (internal quotation marks and citation omitted). Plaintiffs' sur-reply asserts that the complaints "specifically claim, repeatedly, that the Individual Defendants 'violated, or caused to be violated' the various statutes giving rise to Plaintiffs' claims." (Dkt. No. 30-2, Ex. 2 at 4.) However, merely repeating a legal conclusion without alleging sufficient *facts* to support that legal conclusion does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

Accordingly, the Court grants the Individual Defendants' motions to dismiss the meal break, reimbursement of business expenses, and waiting time claims against the Individual Defendants.

**II. Motions for Sanctions**

Plaintiffs' motions for sanctions are identical in all three cases and assert that sanctions are warranted pursuant to Federal Rule of Civil Procedure 11 on the grounds that the Individual Defendants' motions to dismiss are "not warranted by existing law and/or [were] presented for an improper purpose." (*See* Dkt. No. 33 at 1 (19-cv-07009).) Plaintiffs argue that the Individual Defendants' "main argument" underlying their motions to dismiss is that dismissal is warranted

10

because the complaints do not specifically cite Labor Code § 558, and that such argument has been deemed "entirely meritless" by the Ninth Circuit. (*Id.* at 1-2.) The Court rejects Plaintiffs' characterization of Defendants' motions because it ignores the arguments set forth in Defendants' reply briefing; specifically, that Section 558.1 does not apply to the unpaid wages claims and that the complaints are deficient as to the meal period, failure to reimburse business expenses, and waiting time claims because the allegations against the Individual Defendants are wholly conclusory. As previously discussed, the Court agrees that dismissal is warranted on those grounds. Thus, there is no basis for concluding that the Individual Defendants violated Rule 11 in pursuing dismissal under Rule 12(b)(6). Accordingly, the Court denies Plaintiffs' motions for sanctions.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiffs' motions for sanctions and GRANTS the Individual Defendants' motions to dismiss. Dismissal is with prejudice as to the Labor Code §§ 201, 204 claims against the Individual Defendants. Plaintiffs may file an amended complaint as to the meal break, reimbursement of business expenses, and waiting time claims against the Individual Defendants within 21 days of this Order. The Court does not grant Plaintiffs leave to add any other claims.

This Order disposes of Docket Nos. 17 & 33 (19-cv-07009); 15 & 34 (19-cv-07013); 16 & 31 (19-cv-07017).

**IT IS SO ORDERED.**

Dated: April 6, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge